

FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8146

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Juan Carlos ORDUNO-Urena (1)<br><br>Jorge Luis LEAL-Rodriguez (2)<br><br>Defendants. | Magistrate Case No.:<br><br>COMPLAINT FOR VIOLATION OF<br><br>21 U.S.C. § 952 and 960<br>Importation of a Controlled Substance<br>(Felony) |

The undersigned complainant being duly sworn states:

That on or about February 18, 2008, within the Southern District of California, defendant Juan Carlos ORDUNO-Urena and Jorge Luis LEAL-Rodriguez did knowingly and intentionally import approximately 23.46 kilograms (51.61 lbs) of cocaine a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Special Agent Lance Swanson
U.S. Immigration & Customs
Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 19TH, DAY OF FEBRUARY 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA

v.

Juan Carlos ORDUNO-Urena (1)

Jorge Luis LEAL-Rodriguez (2)

## STATEMENT OF FACTS

This Statement of Facts is based on the reports, documents, and notes furnished to U. S. Immigration and Customs Enforcement Special Agent L. Swanson.

On February 18, 2008, at approximately 1745 hours, Juan Carlos ORDUNO-Urena and Jorge Luis LEAL-Rodriguez entered the United States at the Calexico, California, East Port of Entry. ORDUNO was the driver of a 2000 Ford Focus and LEAL was the sole passenger.

During the primary inspection, Customs and Border Protection (CBP) Officer J. Lee received a negative Customs declaration from ORDUNO, and found both ORDUNO and LEAL possessed a Border Crossing Card (BCC). CBP Officer J. Lee referred ORDUNO, LEAL, and the vehicle to secondary inspection because the vehicle was not registered to ORDUNO or LEAL, the glove box was empty, and the story about their destination was suspicious.

In the vehicle secondary lot, CBP Officer J. Mena observed suspicious mud across the inside of the rear bumper. Officer J. Mena asked CBP K-9 Officer Barroso to conduct a K-9 sweep of the vehicle. CBP K-9 Officer Barroso received an alert from his Narcotics Detection Dog (NDD) on the rear bumper.

CBP Officer J. Mena discovered 19 packages inside rear bumper of the vehicle and 1 package inside the rear passenger door for a total of 20 packages. One of the packages was probed and a sample of a white powdery substance was obtained, which field tested positive for cocaine. The 20 packages had a combined net weight of approximately 23.46 kilograms (51.61 lbs).

LEAL was placed under arrest and advised of his Constitutional Rights, which he acknowledged and waived, agreeing to answer questions. LEAL denied having any

knowledge of the cocaine inside the vehicle or knowledge of the vehicle owner. During the interview LEAL invoked his right to an attorney and was not questioned further.

ORDUNO was placed under arrest and advised of his Constitutional Rights, which he acknowledged and waived, agreeing to answer questions. ORDUNO stated an individual asked him to transport marijuana across the border for $1,000.00 approximately 3 weeks ago, but ORDUNO declined.

On the February 18, 2008, ORDUNO stated he asked to borrow the vehicle, from the same individual, to cross the border and go shopping. ORDUNO stated he did not know drugs were concealed inside, but suspected drugs might be in the vehicle. ORDUNO stated he discussed the possibility of drugs being inside the vehicle with LEAL, and LEAL knew the individual who lent the vehicle to ORDUNO.